IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION

**UNITED STATES OF AMERICA**

**VS.**                              CRIMINAL NO. 3:06-cr-159-WHB-LRA

**WILLIE FEAZELL**


                        **OPINION AND ORDER**

     This cause is before the Court on the Motion of Defendant, Willie Feazell ("Feazell") for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]

     On November 6, 2007, Feazell pleaded guilty to one count of knowingly and intentionally distributing 10.1 grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of carrying a firearm during a drug trafficking crime in violation on 18 U.S.C. § 924(c)(1). On February 16, 2007, Feazell was sentenced to a 60-month term of imprisonment on each count (to run consecutively), to be followed by 4 years of supervised release, and was ordered to pay a fine in the amount of $1,500 and a special assessment in the amount of $200. Feazell's sentence was calculated from a base offense level of 26. He was granted a 3-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 23. The

---

[1] As Feazell is proceeding *pro se*, the allegations in his Motion have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

total offense level, combined with a Criminal History Category I, resulted in a sentencing guideline range between 46 and 57 months. Pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), however, Feazell was subject to a mandatory minimum sentence of 60 months on the cocaine-base related charge. Feazell has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on changes to U.S.S.G. § 2D1.1, specifically Amendment 706 (as amended by Amendment 711), which lowers the sentencing range for certain cocaine base-related offenses.

Under 18 U.S.C. § 3582:

The court may not modify a term of imprisonment once it has been imposed except that –

....

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994)). When exercising his discretion, the district judge must

"consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." Id. (citing U.S.S.G. § 1B1.10(b)). Specifically, U.S.S.G. § 1B1.10 provides:

> (b) Determination of Reduction in Term of Imprisonment.
>
> (1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). In the present case, had the amended Guidelines been applicable at the time Feazell was sentenced, his base offense level would be 24, his total offense level (allowing the 3-level downward departure for acceptance of responsibility) would be 21, and his sentencing guideline range would be 37 to 46 months.

In this case, however, Feazell stipulated that the amount drugs involved in the case was 10.1 grams of a mixture containing cocaine base. Pursuant to 21 U.S.C. § 841, the mandatory minimum term of imprisonment for such violation is 60 months. See (b)(1)(B)(iii)(providing: "(b) any person who violates subsection (a) of this section shall be sentenced as follows ... (1)(B) [i]n the case of a violation of subsection (a) of this section involving

3

... [(iii)] 5 grams or more of a mixture or substance ... which contains cocaine base ... such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years..."). On this issue, the United States Court of Appeals for the Fifth Circuit recently held: "A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. Thus, the district court [cannot] impose a sentence below the mandatory minimum sentence ..." United States v. Reece, No. 08-20116, 2008 WL 4580086, at *1 (5th Cir. Oct. 15, 2008)(citing United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994) and United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995)). As the Court cannot reduce a sentence to a term of imprisonment that is less than the statutory minimum, and as Feazell was previously sentenced to the statutory minimum on the charge arising under 21 U.S.C. § 841(a)(1), the Court finds he is not entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, the Court finds that Feazell's Motion to Reduce Sentence should be denied.

## Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 41] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to Defendant at his last known address.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to the United States Department of Probation for the Southern District of Mississippi.

SO ORDERED this the 19th day of December, 2008.


                                              s/ William H. Barbour, Jr.
                                              UNITED STATES DISTRICT JUDGE